UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL RICHARD SIVEC,

       Plaintiff,                         Civil Action No. 13-CV-15008

v.                                            Honorable Patrick J. Duggan

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**<u>OPINION AND ORDER (1) REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) SUSTAINING PLAINTIFF'S OBJECTION, (3) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (4) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, and (5) REMANDING THE MATTER FOR FURTHER ADMINISTRATIVE PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)</u>**

This is a social security case. Plaintiff Carl Richard Sivec appeals from the final determination of the Commissioner of Social Security that he is not disabled and, therefore, not entitled to supplemental security income. The matter was referred to Magistrate Judge Mona K. Majzoub for all pretrial proceedings. The parties filed cross-motions for summary judgment. On January 23, 2015, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R"), recommending that Defendant's motion be granted and that Plaintiff's motion be denied. Plaintiff has filed objections to the R&R and Defendant has filed a

response. The Court reviews *de novo* those portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The background and procedural history of this case, along with the general legal framework applicable in social society appeals, have been adequately summarized by the Magistrate Judge and need not be repeated here.

In his first and only objection, Plaintiff argues that the ALJ erroneously stated that EEG testing is required to satisfy the listings for convulsive and nonconvulsive epilepsy, and then erroneously rejected the medical opinion of Plaintiff's treating neurologist, Dr. Samuel, based on the fact that documentation showing EEG testing was not submitted. Plaintiff is correct.

The ALJ was under the impression that EEG testing is required to satisfy the convulsive and non-convulsive epilepsy listings.[1] In his decision, the ALJ wrote:

---

[1] The listing for convulsive epilepsy provides:

> Epilepsy – convulsive epilepsy, (grand mal or psychomotor), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment.
>
> A. Daytime episodes (loss of consciousness and convulsive seizures) or
>
> B. Nocturnal episodes manifesting residuals which interfere significantly with activity during the day.

2

"[L]istings for both major and minor seizures required documentation by an EEG, which is not in the file." ALJ Decision at 8 (ECF No. 10-2 Page ID 67). Based in part on the lack of EEG documentation in the file, the ALJ rejected as "conclusory and unsupported" Dr. Samuel's medical opinion that Plaintiff suffered major and minor motor seizures occurring more frequently than once a month (major seizures) and once weekly (minor seizures) despite at least three months of prescribed treatment. *Id.*

However, as another court has noted, EEG testing is no longer required to meet the epilepsy listings:

> In 2002, the regulations stated that "Documentation of epilepsy should include at least one electroencephalogram (EEG)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 11.00(A) (2002 at 462). Both listed impairments 11.02 and 11.03 stated that the seizures had to be "documented by EEG." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 11.02 and 11.03 (2002 at 463–464). That language was deleted from the regulation in 2003. 20 C.F.R. Pt. 404, Subpt. P.App. 1, 11.00(A), 11.02, and 11.03 (2003 at 465, 466), and documentation by an EEG does not appear in the present regulations. 20 C.F.R. Pt. 404, Subpt. P. App. 1, 11.00(A), 11.02, and 11.03 (2008 at 498, 500). An EEG was no longer required

---

The listing for nonconvulsive epilepsy provides:

> Epilepsy – nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 11.02 and 11.03 (Listings 11.02 and 11.03).

> for documentation effective May 24, 2002 because an EEG was found to be a definitive diagnostic tool in cases of nonconvulsive epilepsy in children, but it was found to be rare for an EEG to confirm epilepsy in its other forms for either adults or children. 67 Fed. Reg. 20018 at 20019 (Apr. 24, 2002).

*Mount v. Astrue*, No. 08-1097, 2009 WL 1360089, at *4 (D. Kan. May 14, 2009). The ALJ erred by invoking a legal requirement that no longer exists as a reason to reject the medical opinion of Plaintiff's treating neurologist. Therefore, the Court concludes that ALJ's decision rejecting Dr. Samuel's opinion is not supported by substantial evidence. Accordingly, the Court will remand the matter pursuant to sentence four of 42 U.S.C. § 405(g) for a new assessment of Dr. Samuel's medical opinion regarding Plaintiff's epilepsy. On remand, Plaintiff should be afforded an opportunity to submit, for the ALJ's consideration, the results of the EEG referenced by Dr. Samuel in the medical forms completed on October 19, 2011.

For these reasons,

**IT IS ORDERED** that the Magistrate Judge's R&R is rejected in part;

**IT IS FURTHER ORDERED** that Plaintiff's objection to the Magistrate Judge's R&R is sustained;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is denied;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is granted;

4

**IT IS FURTHER ORDERED** that the matter is remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings as described in this Opinion and Order.


Dated: February 26, 2015                s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Diane M. Kwitoski, Esq.
Elizabeth J. Larin, Esq.
Jessie Wang-Grimm, Esq.
Niranjan Emani, Esq.